**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| SHARON C. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>AMERICOLLECT, INC.<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:26-cv-02155<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHARON C. TAYLOR ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AMERICOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47

U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is incorporated in and conducts business in the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Philadelphia, Pennsylvania.

5. Defendant is a third-party debt collector that specializes in the collection of medical collections and early out services within the healthcare industry. Defendant is incorporated under the laws of Wisconsin, and its principal place of business is located at 1851 S. Alverno Rd., Manitowoc, Wisconsin 54220.

6. Defendant acted through its respective agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported medical debt ("subject consumer debt") said to be owed by Plaintiff.

8. Based on information and belief, sometime after Plaintiff's alleged default on the subject consumer debt, the subject debt was charged off and sold to Respondent for collection purposes.

9. Around September 2025, Defendant began sending phone calls to Plaintiff on her cellular phone number, (267) XXX-5301, numerous times seeking payment for the subject consumer debt.

10. At all relevant times to the instant action, Plaintiff has been the sole subscriber, owner, and operator of the phone number ending in -5301. Plaintiff is, and always has been, financially responsible for the phone and its services.

11. Resurgent has used the phone numbers (724) 286-4981, (574) 500-2054, (315) 273-4625, (318) 252-8901, (803) 291-4616, and 708) 367-6264 when placing calls to Plaintiff, but upon information and belief, Defendant has used other numbers as well.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Defendant systematically varies the phone numbers it calls from in order to coerce Plaintiff into answering the calls and subsequently, addressing the purported subject consumer debt.

14. Upon speaking with Defendant, Plaintiff was requested by Defendant to verify her personal information.

15. Bothered by the repetitive nature of Defendant's phone calls, as well as the invasive nature of the requests, Plaintiff refused to provide her information and further demanded that Defendant cease in contacting her cellular phone further.

16. Despite Plaintiff's demands for the calls to cease, Defendant resumed calling Plaintiff seeking payment for the subject consumer debt.

17. Many of Defendant's persistent calls have resulted in pre-recorded messages being delivered to Claimant's cellular phone and leaving voicemail messages, which states "This is Corin with Americollect. I'm a debt collector […] and this is an attempt to collect a debt […] Please press 9 to connect to a live representative."

18. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of harassing collection efforts, and a further violation of her federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons

on their cellular phone using pre-recorded messages without their unambiguous consent.

23. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

24. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using pre-recorded messages without Plaintiff's consent. After Plaintiff became delinquent on the subject consumer debt, the first of Defendant's calls were made, and consent to make such calls was revoked by Plaintiff by way of Plaintiff demanding to Defendant that all calls and communications cease. However, Defendant called Plaintiff numerous times since and left pre-recorded messages notwithstanding its lack of consent to do so.

25. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i). Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Arbitrator's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHARON C. TAYLOR., respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations

b. Awarding Claimant damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1).;

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

28. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and are similarly businesses whose principal purpose is the collection of debts.

30. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14.**

31. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant

to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

33. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating their intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

**b. Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §§ 1692e and e(10) through its deceptive and misleading conduct surrounding their phone calls placed to Plaintiff. Such conduct falsely represented to Plaintiff that Defendant had the legal right to continue calling her, despite this not being the case, since under the binding regulations, Defendant was enjoined from this course of conduct.

**c. Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated § 1692f through its unfair and unconscionable collection efforts directed towards Plaintiff. It was unfair for Defendant to ignore Plaintiff's requests that its phone calls cease and continue to place such calls all the while knowing how such calls were bothersome and unwanted by Plaintiff.

WHEREFORE, Plaintiff, SHARON C. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 18, 2026

Respectfully submitted,

s/ Nathan C. Volheim

Nathan C. Volheim, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com